NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0469n.06

Case No. 09-1266

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 03, 2010
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| KINGSWAY GENERAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| MICHIGAN INSURANCE COMMISSIONER, et. al., | ) ) ) | |
| Defendants-Appellees. | ) | |

BEFORE:  BATCHELDER, Chief Judge; MOORE and COLE, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge.  Kingsway General Insurance Company ("Kingsway"), a Canadian corporation, is the insurer of a semi-truck owned and operated by a Canadian company, which struck Michigan resident Quintina Austin in Michigan in 2003, inflicting catastrophic injuries.  Kingsway has paid benefits to Austin since the accident, but it has sued the defendants, Quintina Austin, her mother, Carolyn Austin, the Commissioner of the Office of Financial and Insurance Regulation ("OFIR Commissioner"), the OFIR itself, the Michigan Catastrophic Claims Association ("MCCA"), the State of Michigan, the Michigan Assigned Claims Facility, and Titan Insurance Company, seeking to avoid further payment of benefits to the Austins.  Kingsway claims alternatively that either (1) it is not subject to the provisions of Michigan's No

Fault Automobile Insurance Act that would require further payment of benefits, or (2) the Act violates the Commerce Clause[1] and Equal Protection Clause of the United States Constitution.

On December 8, 2008, the district court granted defendants' Rule 12(b)(6) motions to dismiss. The court dismissed the claims against the OFIR Commissioner, the OFIR, and the State of Michigan on the basis of Eleventh Amendment immunity. It dismissed the remaining defendants, finding no merit in the argument that Michigan's No Fault Act did not obligate Kingsway to continue to pay benefits to Austin, and no merit in either of Kingsway's federal constitutional claims. Kingsway moved for reconsideration of the judgment, but the district court denied the motion. Kingsway timely appeals.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we conclude that the district court's opinions — its original opinion dismissing the case, together with its order denying the motion for reconsideration — correctly held that Kingsway's voluntary filing of certification rendered it liable for further benefits under the No Fault Act, and that Kingsway's Equal Protection Claim lacked merit. The issuance of a full written opinion by this court would therefore serve no useful purpose. Accordingly, for the reasons stated in the district court's opinions, we affirm.

In addition to the arguments it raised before the district court, Kingsway argues on appeal that the motion to dismiss should not have been granted prior to discovery, pointing to three areas where it believes its case would have been strengthened with additional discovery. But any additional facts revealed by the requested discovery would not change the district court's *legal* analysis; the motion

---

[1] Kingsway does not pursue its Commerce Clause challenge on appeal.

to dismiss and the district court's order granting it turned entirely on statutory interpretation.  We therefore hold that the district court did not err in dismissing the case prior to discovery.

Accordingly, we **AFFIRM** the judgment of the district court.